FREDERICK A. PLATT, Receiver, etc., Respondent, v. WELCOME
    R. BEEBE, impleaded, etc., Appellant.

A certificate of the comptroller of the currency, approved and concurred
in by the secretary of the treasury, reciting the existence of all the facts
of which the former is required by the national currency act (§ 50, 13
U. S. Stat. at Large, 99) to be satisfied, to authorize him to appoint a
receiver of a national bank under the provisions of that act, is sufficient
evidence of the validity of the appointment of the receiver in an action
brought by him as such.

A promissory note was delivered by the maker to the payee, to be·
discounted for the benefit of the former, and was indorsed and presented
by the latter to a bank for discount, which was refused at the time but
agreed to be done thereafter, and the note was left with the bank upon
that understanding, the bank also agreeing, that, meantime, the payee
might draw against it, which he did. In an action against the maker the
referee found that the bank had no notice of the maker's interest. *Held*,
that the latter was liable for the sums so drawn, the payment of which
was, in effect, a discount of the note to the amount so paid; also that
the result would be the same if it should be considered that the note
was simply pledged for the sums paid upon the drafts.

(Argued January 10, 1874; decided May term, 1874.)

APPEAL from a judgment of the General Term of the
Supreme Court in the second judicial department, affirming
a judgment in favor of the plaintiff, entered upon the report
of a referee.

This action was brought by plaintiff, as receiver of the
Farmers and Citizens' National Bank of Brooklyn, upon a
promissory note. In May, 1865, the Farmers and Citizens'
National Bank of Brooklyn was duly organized under the act
of Congress, entitled, " An act to provide a national currency,
secured by a pledge of United States bonds, to provide for
the circulation and redemption thereof," passed June 3d, 1864,
and acts amendatory thereof. (13 U. S. Stat. at Large, 99.)
On the 13th of August, 1867, the defendant, Beebe, made his
promissory note for $2,500, payable to the order of the
defendant Crawford, two months after date, at the Ocean
National Bank, and delivered it to Crawford, who indorsed

the same. The plaintiff gave in evidence a certificate of the comptroller of the currency, under date of September 5th, 1867, approved and concurred in by the secretary of the treasury, reciting the existence of all the facts necessary to authorize him to appoint a receiver for the Farmers and Citizens' National Bank of Brooklyn; and, thereupon, with the concurrence of the secretary of the treasury, appointed the plaintiff receiver of that bank, and on the following day (September 6th, 1867), the plaintiff, as such receiver, took possession of the assets of the bank, and among the papers taken possession of by him, was this note, no entry of which had been made upon the books of the bank; and after proving the amount claimed to be due upon the note plaintiff rested, when the defendant moved for a dismissal of the complaint upon the grounds: 1st. That there was no evidence of the facts upon which it was alleged the appointment of receiver was made; and, 2d. That it appeared that the note was not discounted by the bank, and that there was no proof that the bank had any interest in or title to it. The motion was denied and the defendant excepted; the defendant Beebe proved that he gave the note to Crawford, with instructions to procure it to be discounted and bring the proceeds to him, and that he never received anything upon it, or gave Crawford any other directions or authority in the matter. It was also proved, in substance, that Crawford, some two or three days after the note was made, presented it to the Farmers and Citizens' Bank of Brooklyn for discount. That the bank, not being then in funds, and being up to its discount line, declined to discount it, but agreed to do so when sufficiently within their limit to allow it. That the note was then delivered by Crawford to the bank for that purpose, and under an agreement between him and the bank, that he might, in the mean time, draw against it. That in pursuance of the agreement, he did, on and prior to September 5th, 1867, draw against it, and received from the bank $1,896.29, as an advance upon it until it should be formally discounted. Whether all this was done in ignorance of the fact that the

note did not belong to Crawford, was a disputed point. The referee found that Crawford did not notify the bank of the instructions given by Beebe to him, but indorsed the note and left it with the bank, under an arrangement with the bank, that he might draw on account of and against it. The referee found, as a conclusion of law, that the defendant Beebe, was indebted to the plaintiff in the sum so drawn by Crawford ($1,896.29), for which sum and interest the plaintiff was entitled to judgment. Judgment was entered accordingly.

*Erastus Cooke* for the appellant. The bank was the pledgee of the note and had only a special property in it, the general property remained in the payee. ( *Wheeler* v. *Newbould,* 16 N. Y., 398; *Jenness* v. *Bean,* 10 N. H., 266; *Williams* v. *Little,* 11 id., 66; *Smith* v. *Babcock,* 2 W. & M., 246; *Prentice* v. *Zane,* 2 Grat. [Va.], 262; *Bertrand* v. *Barkman,* 13 Ark., 161.) The taking of the note by the bank was not a commercial transaction. (*Bramhall* v. *Becket,* 31 Me., 205; *Petri* v. *Clark,* 11 S. & R., 388; *Roberts* v. *Eden,* 1 B. & P., 399; *Wardell* v. *Howell,* 9 Wend., 170; *Manhattan Co.* v. *Reynolds,* 2 Hill, 142; *Grant* v. *Vaughan,* 3 Burr., 1523; *Brown* v. *Penfold,* 36 N. Y., 474; *De Mott* v. *Starkey,* 3 Barb. Ch., 406, 407.) The power of the comptroller of the currency is limited, and no intendments will be allowed in favor of his jurisdiction. ( *Wheeler* v. *Raymond,* 8 Cow., 314; *Yates* v. *Lansing,* 9 J. R., 437; *Bloom* v. *Burdick,* 1 Hill, 130; *Cortiss* v. *Follett,* 15 Barb., 343.)

*A. M. Cunningham* for the respondent. The receiver was not bound to prove the facts which called for or justified his appointment. (U. S. Banking Laws, approved February 25, 1863, amended March 3, 1865, §§ 15, 31, 35, 50.) The note purported to be the property of Crawford, and he had a right to use it to raise money. (*Agawam Bk.* v. *Strever,* 18 N. Y., 502; *Seneca Co. Bk.* v. *Mass,* 3 Comst., 442; *Bk. of Rutland* v. *Buck,* 5 Wend., 66.)

GRAY, C.   The plaintiff's appointment to the receivership
of the bank is conceded; the validity of the appointment is
questioned; and is involved in the motion made by the
defendant at the close of the plaintiff's evidence for the dis-
missal of his complaint, upon the ground stated, viz., that
there was no evidence of the facts authorizing his appoint-
ment.   The evidence of the facts consisted of a statement
contained in a certificate made by the comptroller of the cur-
rency, under an act of Congress, to provide a national cur-
rency and for its security and redemption, approved June 3d,
1864.   (13 U. S. Stat. at Large, 99, § 50.)   By which it is sim-
ply required of the comptroller that he be satisfied of the
existence of the facts authorizing him to make such appoint-
ment; to proceed as he did in this case, and with the concur-
rence of the secretary of the treasury, and make it.   No
objection was made to receiving the certificate in evidence, or
that it was not evidence that the comptroller was satisfied
of the existence of the facts stated in it, but rather upon the
ground that the facts alleged in it were not established by
competent legal evidence on the trial, as in other *ex parte*
proceedings, in which an officer, upon proof of a special state
of facts, is given authority to act.   These banks are located
in different parts of the United States, most of them at a
great distance from the city of Washington and from each
other, and all under the supervision of officers residing in
that city; and among them, to a great extent, the comptrol-
ler of the currency, who for the purpose of protecting the
public, and among them those who, confiding in the solvency
of the banks, have business with them, is under the necessity
of taking from such of them as fail to comply with the law,
their management, and confiding them to the care of a
receiver; and sometimes, and perhaps often, under an emer-
gency, when, owing to the distant location of the bank from
the city of Washington, and where to a moral certainty he is
satisfied that the causes exist for placing them in the custody
of a receiver, when strictly legal evidence of the fact is not
attainable in time to save those interested from sudden mis-

fortune. The act, in its peculiarity of expression, is framed to meet such an emergency, and authorizes the comptroller, when *satisfied* of the existence of a given state of facts, to make the appointment. Such words, as upon proof or evidence, indicating it to be the design of the framers of the law that it should be upon legal proof or evidence of the facts are carefully omitted; and the comptroller is left to be satisfied as best he can be, under the peculiar circumstances of each case, of the existence of the facts and the necessity of his action. The question whether Crawford notified the bank that the note was for the drawer's benefit, is put at rest by the finding of the referee that he did not.

It is claimed that the bank, of whose assets the plaintiff was receiver, held the note as collateral security for the payment of the sum drawn by Crawford. I do not so understand the transaction. The amount paid to him upon his drafts, was on account of and against this note, left for discount, and was so much paid by the bank for the note. It was a discount of the note to the amount paid on Crawford's drafts against it. But if it was otherwise, and the note left as it was, and drawn against, was a mere pledge for the sum paid upon the drafts, the note, being commercial paper, the bank was not subject to the rule regulating the rights and liabilities of a pledgee, but is regarded as a holder for value. (*Bank of New York* v. *Vanderhorst*, 32 N. Y., 553, 559, 560.)

The judgment should be affirmed.

All concur.

Judgment affirmed.