## Case No. 13,545.

STRONG v. SOUTHWORTH.

[8 Ben. 331; [1] 2 Nat. Bank. Cas. (Browne) 172.]

District Court, E. D. New York. Dec., 1875.

NATIONAL BANKS — STOCKHOLDERS — ASSESSMENT BY COMPTROLLER—DEMURRER.

A stockholder in a national bank demurred to a complaint of the receiver of the bank, who had sued to recover the amount of an assessment, laid by the comptroller of the currency upon the stockholders, to wind up the affairs of the bank alleging as a ground of demurrer that the complaint did not show that the assessment was needed by the receiver; *Held*, that the decision of the U. S. supreme court, upon this point, in the case of Kennedy v. Gibson, 8 Wall. [75 U. S.] 498, that as to the necessity of an assessment and its amount "the determination of the comptroller is conclusive," was not obiter dictum, and therefore must control in this case, and the demurrer must be overruled.

[Cited in Stanton v. Wilkeson, Case No. 13,-299; Young v. Wempe, 46 Fed. 355.]

[This was a bill in equity by Charles E. Strong, receiver of the Atlantic National Bank of New York, against James E. Southworth. Heard on demurrer.]

Nash & Holt, for complainant.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Charles O. Tracy, for respondent.

BENEDICT, District Judge. This case comes before the court upon a demurrer to the complaint. The complaint alleges in substance that on April 26th, 1873, the Atlantic National Bank of New York was a national bank duly organized and doing business, and on that day failed, and plaintiff was thereupon appointed receiver of its assets; that the comptroller of the currency has made an assessment upon the shareholders of the bank of one hundred per cent of their shares, and has directed suits to be brought to collect such assessments, and that defendant is a shareholder and has not paid the assessment. Judgment is demanded for the amount of the par value of defendant's stock. The defendant demurs. The only ground of demurrer here insisted on is, that the complaint does not show that one hundred per cent upon the shares of the bank is needed by the receiver, but simply avers that the comptroller of the currency has made an assessment of one hundred per cent upon the shares of the bank, and has directed actions to be brought to collect such assessment.

This question was considered by the supreme court of the United States in Kennedy v. Gibson, 8 Wall. [75 U. S.] 498, and the supreme court there say: "It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it."

It is, however, insisted that this portion of the opinion is obiter and not binding upon this court. I cannot so consider it. The precise question before the court in Kennedy v. Gibson [supra] was whether the bill must contain an averment, that the comptroller of the currency had decided an assessment to be necessary, and directed the suit to be brought. The functions and duties imposed upon the comptroller by the statute were, therefore the precise questions before the court. In deciding that his duties were, so to speak, judicial, in determining upon the necessity of an assessment and of suits to enforce it, the court necessarily decided that his determination on those points would be conclusive. I feel bound therefore by the decision of the supreme court, in that case, here to decide the complaint to be sufficient in respect to the allegation referred to.