HENRY B. TODD, RESPONDENT, *v.* SIDNEY F. SHELBOURNE, APPELLANT.

*Negotiable paper — invalid in hands of payee — bona fide purchaser of — recovery by, restricted to amount paid.*

An indorsee of commercial paper, not valid as a legal obligation in the hands of the payee by whom it was negotiated, is restricted in his recovery in an action against the maker, to the amount advanced by him upon the faith of the paper, together with interest thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*F. G. Salmon*, for the appellant.

*James J. Thompson*, for the respondent.

DANIELS, J. :

This action was brought to recover the amount of a promissory note, subscribed by the defendant as maker. The note was dated on the 26th day of October, 1869, and by its terms the defendant promised to pay James C. Mumys, or order, the sum of $10,000, in three years, for value received. It was not delivered to the payee, or to any person for his use, but it was left at his place of business, and, as the referee has found, in his possession, in contemplation of a settlement of their business affairs, to be afterwards had between them. No settlement was effected between them and no final agreement made as to the disposition to be made of the note. It follows, from these facts, that the note never became binding upon the defendant as a contract in favor of the payee. (*Hall* v. *Wilson*, 16 Barb., 548, 549, and cases cited.) To give that character to it there should have been a delivery of it to him or to some other person for his benefit; and that was shown never to have taken place. The consequence resulting from the absence of that fact was that the payee was not in a condition to enforce the note as a legal obligation, or to maintain any action upon it against the defendant.

Before the expiration of the three years he sold, and by his indorsement upon it transferred the note to the plaintiff for the sum of $1,500. No more than that sum was ever advanced upon the faith of it by the plaintiff, and the point presented for the decision of this court by the present appeal is, whether he must not be restricted in his recovery to that amount and interest upon it. If the note had been delivered to the payee for a good consideration, and in that way had become a legal obligation in his favor against the defendant, then he could have sold it for any price that would have been satisfactory to himself, and the purchaser would have been entitled to recover the full amount of it from the defendant; but from the facts appearing in this case it is

entirely evident that the defendant never incurred any obligation to the payee by means of the note. It was not the evidence of a legal demand in his favor; and it could only become a lawful contract in favor of the plaintiff or any other person receiving it from the payee before it was due, by the advancement or parting with value upon the faith of it. In favor of such a person the law will give the instrument vitality for the purpose of protecting him against loss. That results from the well established rule that where one of two innocent persons must sustain a loss through the unauthorized act or misconduct of another, it shall be borne by the person who invested him with the apparent authority to perform the act. The object of the law is to protect the dealer innocently and properly parting with his money or property on the faith of . appearances, justifying the conclusion that the person receiving it is authorized to perform the act for which it may be obtained; and the reason upon which the principle has been maintained requires nothing more than a complete indemnity to him against all probable loss. This has long been the extent of protection accorded to the purchasers of property in good faith against the equitable rights of others. And no good reason appears for making any discrimination in its application on account of the nature of the property which may have been the subject of the sale. The necessities of the case and the equities involved are the same in all cases, and the rule should be uniformly applied to their adjustment.

Accordingly, it has been held that the indorsee of commercial paper not valid as a legal obligation in the hands of the payee negotiating it, must be restricted in his recovery to the value with interest advanced by him to the payee upon the faith of it. (*Stevens* v. *Corn Exchange Bank*, 10 S. C. N. Y. [3 Hun], 147, and cases referred to in the opinion; *Platt* v. *Beebe*, 57 N. Y., 339; *Wiffen* v. *Roberts*, 1 Esp., 261; *Jones* v. *Hibbert*, 2 Starkie, 304; *Nash* v. *Brown*, 6 Mann., G. & S., 584; Chitty on Bills, 89 [12th Am. ed.], note *x*; *Allaire* v. *Hartshouse*, 1 Zab., 665, 673; *Parish* v. *Stone*, 14 Pick., 198, 209; *Stoddard* v. *Kimball*, 6 Cush., 469; *Hubbard* v. *Chapin*, 2 Allen, 328; *Petty* v. *Harnum*, 2 Humph., 102; *Holman* v. *Hobson*, 8 id., 127; *Simpson* v. *Clarke*, 2 Crompton, M. & R., 342; *Youngs* v. *Lee*, 18 Barb., 192, 193; affirmed, 2 Kernan, 551; *Cardwell* v. *Hicks*, 37 Barb., 458; *Harger* v. *Wilson*, 63 id.,

237.) These authorities fully sustain that proposition, and they are in no sense in conflict with the rule which allows a recovery for the full amount of paper improperly negotiated when an adequate consideration has been advanced before its maturity in good faith upon it. The paper derives its vitality wholly from the circumstance that it has been obtained for value without notice by an innocent purchaser. For his protection it is maintained in his hands as a legal obligation. The object of the law is to save him from loss; and to do that, a recovery of the amount he may have advanced is all that can be required. To go beyond it would be inequitable and unjust to the party, after that, equally entitled to be protected from unnecessary loss.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event, unless, within twenty days after notice of the decision, the plaintiff stipulates to reduce the recovery to $1,500 and interest upon it from the 2d day of October, 1872; in that event the judgment as so reduced will be affirmed, without costs of the appeal to either party.

Davis, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event, unless, within twenty days after notice of decision, plaintiff stipulates to reduce the recovery to $1,500 and interest from October 2d, 1872; in that event, judgment as so reduced, affirmed, without costs of the appeal to either party.