### YOUNG v. WEMPE et al.

*(Circuit Court, N. D. California. February, 1891.)*

1. COMPTROLLER OF THE CURRENCY—DEPUTY—PRESUMPTION.
   The deputy comptroller of the currency being authorized by law to act for the comptroller in certain contingencies, the courts will presume, in the absence of any showing to the contrary, that the deputy, in acting for the comptroller in any particular instance, has acted lawfully.

2. NATIONAL BANKS—ASSESSMENT ON STOCKHOLDERS—ACTION BY RECEIVER—COMPLAINT.
   In an action by the receiver of a national bank against its stockholders to collect an assessment made by the comptroller of the currency the complaint need only allege that the comptroller determined that the assessment was necessary and levied it, since such an assessment is conclusive as against the stockholders.

3. SAME—FORM OF ACTION.
   Such an assessment may be collected by the receiver by an action at law against the stockholders.

4. SAME—DEFENSE—ESTOPPEL.
   In such action the stockholders cannot inquire into the legality of the receiver's appointment.

5. SAME—CONSTITUTIONAL LAW.
   The collection of such an assessment by an action at law does not deprive the stockholders of their property without "due process of law."

6. SAME—LIABILITY OF STOCKHOLDER.
   A person who becomes a stockholder in a national bank thereby submits himself to the provisions of the national bank act, and becomes liable to be assessed to the extent of his statutory liability for all debts of the bank existing while he holds his stock.

At Law.

*Dorn & Dorn,* for plaintiff.

*A. N. Drown,* for defendants.

HAWLEY, J., *(orally.)* This is an action brought by the receiver of the California National Bank of San Francisco, Cal., to recover from defendants, as stockholders in said bank, the amount of an assessment made by the comptroller of the currency of the United States. The defendants demur to the complaint upon several grounds. I have carefully examined the several authorities cited by the respective counsel, and my conclusion is: (1) That the debtors of an insolvent national bank, when sued by a receiver, cannot inquire into the legality of his appointment. (2) That the law authorizes the deputy comptroller of the currency of the United States to act in place of the comptroller in certain contingencies stated, and the court will presume, in the absence of any showing to the contrary, that the deputy has acted in conformity with law. (3) That the assessment made by the comptroller of the currency is conclusive upon the stockholders; at least that it is only

necessary in the complaint to allege the fact that the comptroller determined that it was necessary to enforce the liability of the stockholders, and did levy the assessment. (4) That an action at law may be maintained by the receiver to recover the assessments against stockholders. (5) That stockholders are liable to be assessed equally and ratably to the extent of their statutory liability for all debts existing while they hold stock, and before they make a valid transfer of the same. (6) That the various provisions of the national bank act are a part of the contract of the charter of a national bank, and when a party becomes a stockholder therein he necessarily submits himself to the provisions of the law under which the bank is authorized to transact business. (7) That the claim of defendant that he will be deprived of "due process of law" cannot be maintained. These conclusions are sustained by the following authorities: *Kennedy* v. *Gibson*, 8 Wall. 498; *Casey* v. *Galli*, 94 U. S. 673; *Bank* v. *Case*, 99 U. S. 628; *Bailey* v. *Sawyer*, 4 Dill. 463; *Strong* v. *Southworth*, 8 Ben. 331; *Stanton* v. *Wilkeson*, Id. 357; *Welles* v. *Stout*, 38 Fed. Rep. 67; *Richmond* v. *Irons*, 121 U. S. 27, 7 Sup. Ct. Rep. 788. The demurrer is overruled.