THE STATE EX REL. MILLS, Respondent, vs. McNUTT and others, Appellants.

*February 26 — March 16, 1894.*

*Towns: Division: Apportionment of indebtedness: Jurisdiction of county board.*

Ch. 108, Laws of 1889, creating the town of Knapp from a portion of the town of Millston, provides that the county board "shall determine what portion of the indebtedness, if any there be, of said town of Millston shall be chargeable to" the new town of Knapp.  *Held:*

(1) The power thus conferred upon the board is not judicial, and its decision may be questioned collaterally for want of jurisdiction.

(2) If, when the act took effect, there was no indebtedness of the town of Millston, the board had no jurisdiction to make a decision charging any sum to the town of Knapp.

APPEAL from the Circuit Court for *Jackson* County.

This was a proceeding by *mandamus* against the defendants as supervisors of the town of Knapp in Jackson county, to compel them to levy and insert in the tax roll of said

town a tax in the sum of $766.21, with interest thereon from December 13, 1892, at six per cent. per annum up to the time when the warrant for the collection of taxes for that year would expire, in order to pay an alleged balance due from the town of Knapp to the town of Millston, arising under the provisions of the act of the legislature entitled "An act to detach a certain portion from the town of Millston in the county of Jackson, and to form the town of Knapp," approved March 19, 1889, and published the same day.    Laws of 1889, ch. 108.

By this act the town of Knapp was created on the date last mentioned.    The third section of the act provides: "The county board of said county of Jackson shall determine what portion of the indebtedness, *if any there be,* of said town of Millston shall be chargeable to the portion so detached to form such new town of Knapp, and said town of Knapp shall pay the proportion of such indebtedness so declared chargeable to said detached portion, at such time as the same shall become payable, and for that purpose the town board of the said town of Knapp shall levy a tax upon all the taxable property of such portion thereof as shall be chargeable therewith.    The county board in fixing the proportion of indebtedness chargeable to the said detached portion shall divide such indebtedness *pro rata* according to the last assessment rolls of said town of Millston."    The fourth section provides: "The county board shall at the same time determine what portion of the general funds and assets of the said town of Millston as may be possessed by said town shall be paid over to said new town of Knapp, and shall fix the amount to be paid by said old town to said town of Knapp, by apportioning said funds and assets between said town of Knapp and said town of Millston in the proportion that such detached part of said town bears to said town of Millston, according to the last assessment rolls of said old town."

It is alleged in the petition and alternative writ that, pursuant to this act, the county board of supervisors, at its annual meeting in November, 1892, apportioned the funds, assets, and indebtedness of said towns of Millston and Knapp, and determined that the portion of the indebtedness of Millston chargeable to said new town of Knapp was $1,555.12, and the portion of the general funds and assets of Millston, possessed by said town at the time of the organization of the new town of Knapp, which should be paid over to it, was $788.91; that said indebtedness of said Millston so apportioned was an indebtedness found by said county board against said original town, to wit, $2,332.69, and " became due and payable on or before January 1, 1891, and was paid and discharged by said town of Millston prior to February 1, 1892, so that the proportion thereof for which said town of Knapp is liable was due and payable to said town of Millston ever since the date of such payment;" that in determining said amounts said county board acted in all things in accordance with said law prescribing the manner of making such apportionment; and that the respondents, supervisors of Knapp, had neglected and refused to levy a tax to pay said sum of $766.21, being the alleged balance in favor of the town of Millston. The ordinance of the county board, made an exhibit to the petition, described said indebtedness of the town of Millston as " existing at the date of said act," March 19, 1889, and showed, as to the general funds and assets of said town, that they existed as stated " at the date of the act of separation."

The return admitted that the county board made the order attached to the petition dated November 22, 1892, but denied that the county board of Jackson county at any time determined what portion of the indebtedness of the town of Millston should be paid by said town of Knapp, and further denied that at the time of the passage and

The State ex rel. Mills vs. McNutt and others.

publication of said act of the legislature the town of Millston owed any debt or debts, or had any indebtedness of any kind or nature, and alleged other matters in defense, and demanded that the writ be denied, with costs.

The relator demurred to the return, and the circuit court sustained the demurrer and granted a peremptory writ of *mandamus*, commanding the respondents, as such supervisors, to levy said sum of $766.21, with interest, etc., from which judgment the defendants appealed.

*C. L. Hood*, for the appellants.

For the respondent the cause was submitted on the brief of *O'Neill & Marsh*. To the point that the decision of a county board on a question like this, in the absence of fraud or collusion, is as final and conclusive as a judgment or decree of court, and cannot be questioned in a collateral proceeding, they cited 2 Black, Judgments, sec. 526; *Osterhoudt v. Rigney*, 98 N. Y. 222; *Placer Co. v. Campbell*, 11 Pac. Rep. 602; *Wheeler v. Van Houten*, 12 Johns. 311; *Kane v. Fond du Lac*, 46 Wis. 495; *Parker v. Albee*, 52 N. W. Rep. 533; 2 Freeman, Judgments (4th ed.), secs. 334–337; *People ex rel. Thompson v. Supervisors*, 35 Barb. 408; *Supervisors v. Birdsall*, 4 Wend. 453; *Supervisors v. Briggs*, 2 Denio, 26.

PINNEY, J. The return to the alternative writ of *mandamus*, to which the relator demurred, denied, among other things, with clearness and certainty, that at the date of the passage and publication of the act (ch. 108, Laws of 1889) creating the new town of Knapp, the town of Millston owed any debt or debts or had any indebtedness of any kind or nature. If this allegation is material and properly pleadable, as we think it is, the demurrer admitted it and showed that the county board had no jurisdiction to make the order and determination relied on as a foundation for relief.

It is clear that if the allegation is true there was no sub-

ject matter in this respect to which the power of the county board could extend, or upon which they could take valid action. The act gave them jurisdiction over a supposed existing subject matter, namely, to determine what portion of the indebtedness, if any there was, of said town of Millston at the date of the passage and publication of the act should be chargeable to the town of Knapp. They were not vested with, and did not possess, any judicial power, properly so called, for the judicial power is vested in the courts and exercised by them and by judicial officers; but their powers are of a legislative and administrative character, though in many instances of a *quasi* judicial nature. The power to apportion the indebtedness, if any there was, was not conferred upon the board as a judicial function, to be exercised in the ordinary forms of a court of justice, for there was to be no suit; no parties, in the legal acceptation of the term, were to be made; no process was to issue; and no one was to appear on behalf of either town, or to summon witnesses. This tribunal was not a judicial one in any proper sense of the term, and the statute did not intend to make it such. *U. S. v. Ferreira*, 13 How. 46, 47. It could not decide upon its own jurisdiction in any case so as to make its decision conclusive ( *Wanzer v. Howland*, 10 Wis. 8), although it is well settled that, if jurisdiction actually existed, the decision of such a tribunal or body having *quasi* judicial power is ordinarily conclusive on all questions within its competency. The statute provides for no appeal or review of any determination made by the county board in such a case, and great mischief might ensue if the validity of such decisions could not be traversed and questioned collaterally for want of jurisdiction. If they act without jurisdiction, their action is clearly void. *People ex rel. Merritt v. Lawrence*, 6 Hill, 244; *Board of Sup'rs v. Ellis*, 59 N. Y. 620; *People ex rel. Hotchkiss v. Broome Co.* 65 N. Y. 222; *Osterhoudt v. Rigney*, 98 N. Y. 222. The

McKinney vs. Chicago & Northwestern R. Co.

cases cited by the relator's counsel as to the conclusiveness of determinations of tribunals or bodies not strictly judicial are all cases where there was no question as to jurisdiction, but where it was attempted to impeach their decisions made on questions clearly within their competency.

We hold, therefore, that the return was sufficient, and that the relator's demurrer thereto should have been overruled. It follows that the judgment rendered on the demurrer awarding a peremptory writ of *mandamus* is erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.