### NEAD v. WALL.

(Circuit Court, S. D. New York. December 10, 1895.)

NATIONAL BANKS—LIABILITY OF STOCKHOLDERS—PLEADING.

In an action by the receiver of a national bank to enforce the individual liability of a stockholder, an allegation in the complaint that on a given date the comptroller, having ascertained and determined that the assets, property, and credits of the bank were insufficient to pay its debts and liabilities, and as provided by the act of congress, made an assessment and requisition on the shareholders of the said bank of a given sum upon each share held and owned by them, respectively, at the time of its default, and directed the receiver to take all necessary steps to enforce the liability, is sufficient. Kennedy v. Gibson, 8 Wall. 498, distinguished.

This was an action by Benjamin M. Nead, as receiver of the National Bank of Middletown, as against Carrie S. Wall, to recover an assessment made upon her as a shareholder in the bank. Defendant demurred to the complaint. Overruled.

Dayton, Dumphy & Swift, for plaintiff.
Butler, Stillman & Hubbard, for defendant.

COXE, District Judge. This is an action by a receiver of a national bank to enforce the individual liability of a stockholder. The complaint alleges:

"That on the 19th day of November, 1894, said comptroller of the currency having ascertained and determined that the assets, property and credits of said association were insufficient to pay its debts and liabilities, and as provided by said acts of congress, made an assessment and requisition upon the shareholders of the said the National Bank of Middletown, of fifty dollars ($50) upon each and every share of the capital stock held and owned by them respectively at the time of its said default, and directed the plaintiff as receiver thereof to take all necessary proceedings by suit or otherwise to enforce to that extent the said individual liability of the said shareholders."

The defendant demurs on the ground that the foregoing allegation is insufficient under the authority of Kennedy v. Gibson, 8 Wall. 498. In that case the bill alleged that the receiver had ascertained that the assets and credits of the bank were wholly insufficient to pay its debts and that it was necessary that recourse should be had to the personal liability of the stockholders. It contained no averment of any action by the comptroller touching the liability of the stockholders. The court said, page 505,

"It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability and whether the whole or a part, and if only a part, how much, shall be collected."

The question was whether the decision, which is a condition precedent to the action, should be made by the receiver or the comptroller. Of course the court decided that this duty devolved upon the latter. In short, the question there did not turn upon the exceedingly narrow point now presented and there is little to warrant the inference that the court would have held the bill insufficient had it contained the allegation quoted from the complaint at bar. It is possible that this allegation might have been drawn with greater accuracy and made to conform more closely to the rule of Kennedy v. Gibson, but the court is inclined to think that it cannot be held bad upon demurrer. If not in precise words certainly by necessary implication of law it contains all the necessary allegations. It states facts from which the conclusive presumption follows that the comptroller performed all the necessary requirements of the law. First. He decided that the assets of the bank were not sufficient to pay its liabilities. Second. He made an assessment upon the shareholders of $50 per share, as provided by the national bank act. Third. He directed the receiver to enforce to the extent of $50 per share the shareholders' liability. What more is necessary? How is it possible for the defendant to be misled? The plain import of the allegation is that on the 19th of

November, 1894, the comptroller reached the conclusion that it was necessary to enforce the stockholders' liability to the extent of $50 per share for the reason that the assets of the bank were otherwise insufficient to pay its liabilities; under it the entire proceedings of the comptroller may be offered in evidence. Young v. Wempe, 46 Fed. 354, and cases cited. Would it have added materially to the perspicuity of the allegation if the pleader had alleged further, "that said assessment was made because it was necessary to enable the receiver to pay the said debts and liabilities, and the said comptroller, before making the said assessment, decided that it was necessary for the purpose of paying said debts and liabilities?" It is thought not. The criticism of the defendant is too metaphysical and refined to meet with much favor under the liberal rules of modern pleading. The demurrer is overruled; the defendant may answer within 20 days.