FRED W. WEITZEL, receiver, *vs.* HENRY P. BROWN.

Suffolk.   March 8, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Evidence,* Certificates of national comptroller of currency, Judicial notice.   *National Bank,* Liability of shareholder.   *Receiver.   Corporation.   Jurisdiction.*

The court will take judicial notice that a person, who signed as "acting comptroller of the currency" a certificate bearing the seal of the comptroller of the currency of the United States and asserting the truth of copies of originals on file in that office, held that office and will assume that at the date of his certificate he was authorized to exercise the powers and discharge the duties of the comptroller and was therefore at the time acting comptroller.

Under U. S. Rev. Sts. §§ 178, 327, 884, copies of papers on file in the office of the national comptroller of the currency, certified by his deputy and authenticated by his seal of office, are competent evidence, in an action by a receiver of a national bank to recover the amount of an assessment upon a shareholder, to prove the charter of the bank, its extension, the adjudication of insolvency by the comptroller, the appointment of the plaintiff as receiver, the assessment and the authorizing and directing of the receiver to bring suit for its collection.

In an action by a receiver of a national bank against a shareholder for the amount of an assessment made by the comptroller of the currency, the defendant cannot inquire into the legality of the plaintiff's appointment nor question the validity of the bank's incorporation.

At the trial of the above action, it appeared that, at the end of twenty years after the issuing of the original charter of the bank, the charter was extended but that the defendant did not assent to the renewal, but there was evidence that the defendant did not withdraw as a shareholder nor transfer his shares, and that he continued to receive dividends as they were declared, and it was *held* that a finding was warranted that his name appeared upon the books of the bank as a shareholder with his consent.

An assessment made by the comptroller of the currency of the United States upon the shareholders of an insolvent national bank binds them even if it is levied without notice to them.

A receiver of a national bank, who has been ordered by the comptroller of the currency "to take all necessary proceedings, by suit or otherwise," to enforce the individual liability of shareholders of the bank under an assessment made upon them by the comptroller, can maintain in his own name as receiver an action against a shareholder for the collection of the assessment.

The courts of this Commonwealth have jurisdiction of an action of contract against a resident of this Commonwealth by a receiver of a national bank in Kentucky for the collection of the amount of an assessment made by the comptroller of the currency upon the plaintiff as a shareholder.

CONTRACT by the receiver of the First National Bank of London, Kentucky, for the amount of an assessment alleged to have been

made by the comptroller of the currency of the United States on the defendant as a shareholder in that bank. Writ dated June 8, 1915.

In the Superior Court the case was tried before *Fox*, J.

The plaintiff offered in evidence, certified as true by a certificate bearing the seal of the comptroller of the currency and signed by one alleging himself to be "acting comptroller of the currency," copies of the original certificate of the "deputy and acting comptroller of the currency," dated November 28, 1888, authorizing the bank to do business, of the original certificate of the comptroller of the currency dated December 26, 1908, authorizing extension of the corporate existence of the bank, of the original declaration dated April 9, 1914, by the comptroller of the currency that the bank was insolvent, of the commission appointing the plaintiff receiver, and of the assessment upon the shareholders, dated August 20, 1914, and signed by the comptroller of the currency, which directed the plaintiff "to take all necessary proceedings, by suit or otherwise, to enforce . . . the said individual liability of the said shareholders."

These copies were admitted in evidence subject to exceptions by the defendant.

It did not appear that the defendant had any notice of any application for or of any granting of an extension of the incorporation period of the bank.

Other evidence is described in the opinion. The trial judge ordered a verdict for the defendant and reported the case to this court for determination upon a stipulation by the defendant that if the ordering of a verdict was wrong and on any issue and upon the competent and admissible evidence the cause should have been submitted to the jury, judgment should be entered forthwith for the plaintiff for $1,000 with interest from September 21, 1914; otherwise, or if the Superior Court did not have jurisdiction of the cause, judgment should be entered on the verdict.

*H. P. Brown*, pro se.

*A. T. Wright*, for the plaintiff.

BRALEY, J. By the U. S. Rev. Sts. § 884, "Every certificate, assignment, and conveyance executed by the Comptroller of the Currency, in pursuance of law, and sealed with his seal of office, shall be received in evidence in all places and courts; and all copies

of papers in his office, certified by him and authenticated by the said seal, shall in all cases be evidence equally with the originals. An impression of such seal directly on the paper shall be as valid as if made on wax or wafer." And by §§ 178, 327, a deputy comptroller of the currency may exercise the powers and discharge the duties attached to the office of comptroller during a vacancy in that office or in the absence or inability of the comptroller. If necessary the court also will take judicial notice that a certain person was deputy comptroller, and will assume "that, at the date of his certificate, he was authorized to exercise the powers and discharge the duties of the comptroller, and was therefore, at the time, acting comptroller." *Keyser* v. *Hitz*, 133 U. S. 138, 146.

It is plain under these statutes that all of the certificates from the comptroller's office authenticated by his seal were admissible in evidence. *Keyser* v. *Hitz*, 133 U. S. 138. *Bowden* v. *Johnson*, 107 U. S. 251. See Wigmore on Evidence, §§ 1677, 1684.

The power to adjudicate that a national bank is insolvent, and to appoint a receiver, and to levy assessments on the stockholders, and to order their collection being vested in the comptroller, the defendant cannot inquire into the legality of the plaintiff's appointment. U. S. Rev. Sts. § 5234. It is enough that he has been appointed and is a receiver in fact. *Cadle* v. *Baker*, 20 Wall. 650.

The jury from the defendant's answers to the interrogatories and his correspondence with the plaintiff well could find, that, even if he did not assent when the charter of the bank was renewed, he neither withdrew nor transferred his shares, but continued to receive dividends as they were declared and his name as a shareholder appeared on the books of the bank with his consent at the date of insolvency.

It moreover is settled that the validity of the bank's incorporation is not open to collateral attack by the stockholder whose liability the receiver seeks to enforce. *Casey* v. *Galli*, 94 U. S. 673.

The assessment made by the comptroller also bound the defendant even if levied without notice to him. *United States* v. *Knox*, 102 U. S. 422. *Finn* v. *Brown*, 142 U. S. 56.

And the comptroller's certificate being sufficient evidence of the plaintiff's appointment, and, he having been ordered as receiver to enforce the individual liability of the shareholder under the

assessment, the action can be maintained in his own name.  *Kennedy* v. *Gibson,* 8 Wall. 498.   *Bank* v. *Kennedy,* 17 Wall. 19. *Howarth* v. *Lombard,* 175 Mass. 570, 576, 578.  *Platt* v. *Beebe,* 57 N. Y. 339.

It is urged that the trial court was without jurisdiction.  But, being domiciled in this Commonwealth and the plaintiff as receiver being clothed with all the rights which the bank as a citizen possessed to bring suit on any demand it might have held against him, the defendant can be impleaded in our own courts and the plaintiff is not obliged to resort to the federal tribunals.  24 U. S. Sts. at Large c. 373, § 3.  *Leather Manufacturers' Bank* v. *Cooper,* 120 U. S. 778.  *Petri* v. *Commercial National Bank of Chicago,* 142 U. S. 644.  *Ex parte Jones,* 164 U. S. 691, 693.  *Cragie* v. *Hadley,* 99 N. Y. 131. · *Davis* v. *Watkins,* 56 Neb. 288.  The liability is contractual and not statutory.  *Richmond* v. *Irons,* 121 U. S. 27.  *Converse* v. *Ayer,* 197 Mass. 443, 454.

The plaintiff having been entitled to go to the jury before a court having jurisdiction of the subject matter and of the parties, he is to have judgment in accordance with the terms of the report for the amount stipulated with interest.

*So ordered.*