## D. M. MAIN v. P. F. SCHROEDER.[1]

May 20, 1927.

No. 25,991.

**When decision of comptroller as to solvency of national bank and legality of receiver's appointment is conclusive.**

In an action by the receiver of a national bank against a stockholder to enforce his stock liability the latter cannot question the solvency of the bank, the legality of the receiver's appointment, or the assessment. The decision of the comptroller in these matters is conclusive. The answer was properly stricken as frivolous.

Banks and Banking, 7 C. J. p. 777 n. 80, 81.
Pleading, 31 Cyc. p. 621 n. 72.

Defendant appealed from an order of the district court for Becker county, Parsons, J., striking out his answer as sham and frivolous. Affirmed.

P. F. Schroeder, pro se.
Dennis & Bell, for respondent.

WILSON, C. J.

Defendant appealed from an order striking out his answer as sham and frivolous.

Plaintiff seeks to recover a $500 assessment upon defendant's five shares of stock in the Merchants National Bank of Detroit upon the theory that the bank is insolvent and that the assessment has been made upon the shareholders by the comptroller of the currency.

The answer alleged that the bank was at no time in default, and that there was no necessity to enforce the individual liability of the stockholders; and that any attempt of the comptroller to make such assessment was without authority of law and void.

Upon the hearing of plaintiff's motion to strike defendant's answer plaintiff was allowed to amend his complaint by substituting in paragraph two thereof an allegation that the bank was closed by

[1]Reported in 214 N. W. 664.

the board of directors in lieu of an allegation that it was closed by order of the comptroller. Thereupon plaintiff was permitted to put in evidence the minutes of the board of directors relative to its closing and the necessity therefor. He also put in evidence his appointment as receiver issued by the comptroller on June 22, 1925, authorized by § 1 of Act of Congress approved June 30, 1876. He also put in evidence assessment notice of acting comptroller dated July 21, 1925, making an assessment and requisition upon the shareholders of the bank for $60,000 ratably $100 on each share.

This reduced defendant's answer to an attempt to say that the bank was not legally closed and the assessment was unauthorized.

Appellant points to the Act of June 3, 1864, c. 106, § 42, 13 St. 112, R. S. § 5220, 12 U. S. C. A. 265, § 181, which authorizes a national banking association to go into liquidation and be closed by the vote of its shareholders owning two-thirds of its stock. Obviously this procedure was not followed in the instant case. Appellant then points to § 46 and § 47 of the same act, being R. S. §§ 5226, 5227, and 12 U. S. C. A. 251, §§ 131, 132, but these provisions of the statute are not exclusive. The Act of June 30, 1876, c. 156, § 1, 19 St. 63, 12 U. S. C. A. 274, § 191, authorizes the comptroller, when he becomes satisfied of the insolvency of a national banking association, to appoint a receiver who shall proceed to close up such association and enforce the personal liability of the stockholders. The plaintiff is acting under this statute, and appellant has failed to point out anything destroying this source of plaintiff's authority.

The power of congress to authorize the creation of national banks rests upon the theory that such banks are necessary fiscal agents of the government. They are therefore kept under the watchful care of the government and are a class of corporations quite distinct from the ordinary commercial corporation. The powers given to the comptroller are, in their nature or character, judicial. He can determine when such bank is insolvent, and he is authorized to determine when it is necessary to institute proceedings against stockholders to enforce their stock liability. The law is well settled that a stockholder in an action of this character cannot question the solvency

of the bank, the legality of the receiver's appointment, or the assessment. These powers are vested in the comptroller and his determination is conclusive. It is sufficient for the purposes of such a suit that he has been appointed and is receiver in fact. Such appointment is conclusive until set aside on the application of the bank. The bank may move in that behalf, but the stockholder cannot. In the absence of fraud these questions are not to be controverted in the litigation that may ensue. Bushnell v. Leland, 164 U. S. 684, 17 Sup. Ct. 209, 41 L. ed. 598; Kennedy v. Gibson, 75 U. S. 498, 19 L. ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. ed. 168; United States v. Knox, 102 U. S. 422, 26 L. ed. 216; Cadle v. Baker, 20 Wall. 650, 22 L. ed. 448; Germania Nat. Bank v. Case, 99 U. S. 628, 25 L. ed. 448; Lyons v. Bank of Discount (C. C.) 154 F. 391; Liberty Nat. Bank v. McIntosh (C. C. A.) 16 F. (2d) 906; Deweese v. Smith (C. C. A.) 106 F. 438, 66 L. R. A. 971; Weitzel v. Brown, 224 Mass. 190, 112 N. E. 945; Boyd v. Schneider (C. C.) 124 F. 239; Young v. Wempe (C. C.) 46 F. 354; Tillinghast v. Bailey (C. C.) 86 F. 46; Bailey v. Tillinghast (C. C. A.) 99 F. 801; 12 U. S. C. A. 276, note 12.

This rule of law destroys the sufficiency of defendant's answer and it thereby becomes frivolous. Dun. Dig. § 7668; Segerstrom v. Holland Piano Mfg. Co. 160 Minn. 95, 199 N. W. 897. It was properly stricken.

Affirmed.