His Honour **JOHN TREADWELL,** Lieutenant-
Governor,

Honourable **WILLIAM WILLIAMS,**
Honourable **OLIVER ELLSWORTH,**
Honourable **WILLIAM HILLHOUSE,**
Honourable **JOSEPH P. COOKE,**
Honourable **ROGER NEWBERRY,**
Honourable **THOMAS SEYMOUR,**
Honourable **AARON AUSTIN,**
Honourable **DAVID DAGGETT,**
Honourable **JONATHAN BRACE,**
Honourable **NATHANIEL SMITH,**
Honourable **JOHN ALLEN,** and
Honourable **CHAUNCEY GOODRICH,**

} **ASSISTANTS.**

---

## Tyler *v.* Marsh.

1802.

### In the Court below,

Solomon Marsh, *Plaintiff;* Ozias Tyler and Joseph
Curtiss, *Defendants.*

THIS was an action of *indebitatus assumpsit.*

The declaration stated, that one *Elisha Frost* applied to the plaintiff, to purchase of him a number of

*In an action on a written contract, for a sum certain, the contract itself furnishes the rule of damages.*

B

1802.

TYLER
*v.*
MARSH.

mules, upon a credit, and produced a writing in these words :

"*Plymouth, June 1st*, 1798.
" To Capt. *Solomon Marsh* of Litchfield.
" SIR,—WHATEVER sum *Elisha Frost* shall give
" his notes of hand for, to you, we will hold ourselves
" obligated to pay, in case said *Frost* should not pay them
" to you, as long as he and you shall agree to have the
" said notes lie against said *Frost ;* as witness our hands,
                              " *Ozias Tyler*,
                              " *Joseph Curtiss.*"

The plaintiff, relying upon the responsibility of the defendants, thereupon sold mules to *Frost*, of the value of $ 800, and took his two notes of hand, dated June 1st, 1798, each for $ 296 66, with interest, one of them payable in one year from the date, the other on the 1st of January, 1799. By an agreement between the plaintiff and *Frost*, these notes were suffered to lie until on or about the 9th of November, 1799, when they were put in suit, and, on the second Tuesday of the December following, judgments were rendered on both of them ; on one, for $ 325 93, debt, and $ 4 17, costs of suit ; on the other, for $ 324 8, debt, and $ 4 17, costs of suit ; executions were taken out, and levied upon the body of *Frost ;* he was thereupon committed to gaol, and took the poor prisoner's oath. The price of the executions was 17 cents each, and the officer's fees on both, $ 14 92. It was alleged, that *Frost* had paid nothing on the executions, and that there was due from him to the plaintiff, including costs and interest, $ 700. After having averred notice to the defendants, and a demand of payment, the declaration concluded with raising an *assumpsit.* The sum demanded, as damages, was $ 800.

*Non assumpsit* was pleaded, and issue joined to the Court. (*a*)   On the trial, the defendants offered to prove, that, at the time when the notes became payable, and for a considerable period afterwards, *Frost* was abundantly able to pay the same, and that they might, with due diligence, have been collected, but that the plaintiff had been guilty of gross negligence.   On an objection made to the admission of that evidence, it was rejected by the Court, and a bill of exceptions was thereupon filed by the defendants.

The Superior Court found for the plaintiff, with $715 1, damages.

The rejection of the testimony offered by the defendants, was assigned as cause of error.

*Edwards*, (of New-Haven) *Daggett*, and *Allen*, for the plaintiffs in error, contended, 1. That the writing was only an engagement to be liable, so long as the notes were to run, by the terms of them ; and that, consequently, the evidence ought to have been admitted : 2. That *indebitatus assumpsit* would not lie, but that the action should have been on the writing ; (*b*) and that the promise set up was not created by law : 3. That the damages, found by the Court, were too great.

*Smith*, (of Woodbury) and *Hosmer*, for the defendant.

THE COURT coincided in opinion with the Superior Court, on the first point ; on the second, they gave no opinion ; but on the third, reversed the judgment.

(*a*) The Superior and County Courts are authorized, by Statute, to try issues in fact, when joined to the Court, by agreement of parties. *Stat.* 27.

(*b*) *Carew* v. *Bond*, 1 *Root* 269, and *White* v. *Woodruff*, 1 *Root* 309.

The damages are too great. The contract is a written contract, for a sum certain, the principal and interest of the notes. It is presumed, that the costs on the judgments against *Frost*, on the notes, are included in the sum awarded for damages; and although the excess is not very great, it is considered as being important, that the established rule, in respect to damages on written contracts, for a sum certain, should be strictly regarded.