MATTER OF GEORGE N. FARNHAM.

## In the Matter of George N. Farnham.

A magistrate having jurisdiction, under Chapter 194 of the Compiled Laws, to examine and commit for trial, or hold to bail, persons charged with crimes not cognizable before a justice of the peace, has no power to commit a witness for refusing to testify on such examination. He has no powers except such as are expressly conferred by this chapter.

*Heard April 18th. Decided April 19th.*

Habeas Corpus.

Certain persons being charged, before a justice of the peace of Clinton county, with the crime of murder, the relator, who was a telegraph operator, was called and sworn as a witness, on the preliminary examination of such persons for the offense charged, and a question put to him relative to telegraph communications, supposed by the prosecution to have been sent and received by the defendants or some of them, by or through him, which question he declined to answer. The justice thereupon ordered the relator committed to the common jail, for contempt in so refusing, and issued his warrant to the respondent, a constable of said county, to carry into effect such order. The relator being now brought up on *habeas corpus,*

*A. Gould,* moved for his discharge, on the grounds:

1. That communications entrusted to an operator for transmission by telegraph, as well as those received by him for delivery, are confidential, and he is not at liberty to disclose them.—*Comp. L.* §§ 2064, 5912. The justice has no right to require the disclosure of communications which the law says he shall not disclose. Compare the provisons with respect to ministers and physicians,—*Comp. L.* §§4322, 4323; *Johnson v. Johnson,* 4 *Paige,* 460. The immunity to them seems to depend entirely upon the statute, and not upon the common law, although there have been exceptions in some special cases:—*Tait on Ev.* 386, 387; *Allison's Prac.* 586. See 1 *Greenl. Ev.* §§ 247, 248.

MICH 8—G

The reason why the statute prohibits the telegraph operator from disclosing the communications, is the same as in the case of attorneys, ministers and physicians; that of public policy; the idea that *on the whole* more good will result to the people generally by the prohibition and immunity than without it. And no good reason for the rule can be urged in the case of attorneys, physicians and ministers, that does not apply with equal if not greater force to the case of telegraph operators.

2. A justice of the peace, holding a preliminary examination for an offense which he has no jurisdiction to try, has no power to commit a witness for refusing to testify. He gets all his power from the statute, and the statute does not confer it in this case. In other cases it is expressly conferred: — *Comp. L.* §§ 3913, 3948. And so it is expressly conferred in cases of arbitration, forcible entry and detainer, &c.: — *Comp. L.* §§ 5159, 4193, 4980, 4995. The authority to commit is not an authority or power incident to the office of the committing magistrate, or to the authority otherwise conferred upon the justice in that capacity. He has only such powers as are expressly conferred: — 3 *Park. Cr. R.* 503; 26 *Pa. St.* 99; *Tiffany's Cr. Law,* 112.

*J. M. Howard, Attorney General,* for the respondent.

BY THE COURT:

The statute has conferred upon the examining magistrate no power to commit a witness for refusal to testify, and the relator must be discharged.

The other question, inasmuch as the justice had no jurisdiction to commit at all, it would be improper for the court to pass upon.