PENNINGTON *v.* STREIGHT.

COUNTY CLERK.—*Power of.*—*Ministerial Act.*—*Issuing Writ of Replevin.*—The issuing of a writ for the seizure and delivery of personal property, in an action in the circuit court to recover the possession of the same, is merely a ministerial act, which may be performed by the clerk, in term time, upon the filing of the proper affidavit, without an order therefor of the court.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellant.

*J. A. Holman*, for appellee.

NIBLACK, J.—On the 14th day of May, A. D. 1874, which was during the April term of the Hendricks circuit court of that year, the appellee filed in the office of the clerk of that court, a complaint against the appellant, for the recovery of the possession of certain personal property of the alleged value of fourteen hundred dollars. Accompanying the complaint, an affidavit was filed, alleging facts sufficient on its face to constitute a cause of action against the appellant for the recovery of the possession of said property.

The clerk thereupon, on the same day, and without an order of court directing him to do so, issued an order, commonly known as a writ of replevin, for the seizure of said property and the delivery thereof to the appellee. The property was immediately seized by the sheriff of Hendricks county in pursuance of said writ, and, after the execution of a bond as required by law, delivered to the appellee.

On the 8th day of September following, which was on the first judicial day of the September term, A. D. 1874, of the Hendricks circuit court aforesaid, the appellant moved the court to quash said writ of replevin and for a return of the property to him, because said writ was issued during the preceding term of said court, and while said court was in session, without an order from the judge thereof authorizing or directing the issuance of such writ. This motion was overruled, to which the appellant reserved an exception.

An answer in general denial was then filed. Then followed a trial by a jury, a verdict for the appellee, the entry and overruling of a motion for a new trial, and judgment on the verdict.

The only action of the court below, of which the appellant complains here, was the overruling of the motion to quash the writ of replevin and for a return of the property.

The appellant claims that the issuance of a writ of replevin, as in the case before us, during the term of court, was a judicial act and involved the exercise of a power which, under our constitution, can not be delegated to the clerk of a circuit court.

The distinction between what is a judicial act and what is a ministerial act, merely, is very carefully traced, and we think well defined, by this court, in the case of *Flournoy* v. *The City of Jeffersonville,* 17 Ind. 169. In that case, a judicial act is defined to be "an act performed by a court, touching the rights of parties, or property, brought before it by voluntary appearance, or by the prior action of ministerial officers, in short, by ministerial acts."

It is said in the same case that "a ministerial act may, perhaps, be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done."

Also, that "the acts done out of court, in bringing parties into court, are, as a general proposition, ministerial acts." Also, that "the issuing of the writ is a ministerial act, and may be performed by any person upon whom the law may cast the duty."

Tested by these rules, the issuing of a writ of replevin, as in the case at bar, is a ministerial act and not in any sense a judicial one.

The statute, after prescribing what an affidavit shall contain, in actions for the recovery of the possession of personal property, provides that "when such affidavit is filed with the clerk, he shall issue an order for the seizure of the property, and delivery thereof to the plaintiff." See 2 R. S. 1876, p. 91, sec. 130. The duty thus imposed upon the clerk is not restricted to the vacation of his court, but is operative at all times alike when his office is required to be open for the transaction of business. When the proper affidavit is filed, the order for the seizure of the property issues as a matter of course, whether in term time or in vacation. We are of the opinion, therefore, that the court below did not err in overruling the appellant's motion to quash the writ and for a return of the property. We see no error in the record.

The judgment is affirmed, with costs.