## STATE *vs.* JOHN LECLAIR.

### Androscoggin. Opinion August 17, 1894.

*Intox. Liquors. Seizure. Process. Judicial and Ministerial Officers. Clerk of Lewiston Mun. Court. Const. Law. Const. of Maine, Art. III; Art. VI, § 1; R. S., c. 27, § § 27, 39, 40, 43, 63; c. 132, § 6; Spec. Laws, 1871, c. 636: 1874, c. 626, § § 12, 13.*

To a process for the seizure of intoxicating liquors a special demurrer was interposed to the complaint and warrant, specifying two grounds of objections : (1.) That the complaint and warrant constituted a seizure process and not a search and seizure process. (2.) That the clerk of the Municipal court of Lewiston and not the judge received the complaint and issued the warrant.

*Held,* that the complaint and warrant are properly made in accordance with the facts, and are unobjectionable in form.

When an officer has without a warrant seized intoxicating liquors kept for unlawful sale and thereupon makes his complaint and takes out a warrant as provided by statute, he is not required to insert in his complaint a false

recital that the liquors which he has seized and removed, "are still kept and deposited," by the defendant; nor is there any necessity of a command in the warrant to search premises for what the officer has already taken and knows cannot be found there.

The statute of 1870, c. 125, § 2 (R. S., c. 27, § 39), authorizing officers to seize is constitutional to the extent that seizures may be made when they may be accomplished without infringing against unreasonable searches prohibited by the constitution.

Chapter 626, Private and Special Laws of 1874 provides that: "The Governor, by and with advice of the Council, shall appoint a Clerk of said court [. . Lewiston Municipal Court . .] who shall hold his office for the term of four years, who shall be sworn and who shall give bond," &c., and section 13 provides that, "Said clerk shall hear complaints in all criminal matters, . . . draw all complaints and sign all warrants and make and sign all processes of commitment; but the same shall be heard and determined as now provided by law, but such complaints, . . . warrants or processes of commitment drawn and signed by the judge of said court shall be equally valid."

In view of these enactments, it cannot be reasonably questioned that the clerk who heard the complaint and issued the warrant in this case, was clearly and explicitly authorized so to do by the legislature.

The duties thus performed may involve to some extent the exercise of judicial attributes; but it was competent for the legislature to invest the clerk of the court with the authority in question, and in so doing, it did not encroach upon the judicial power contemplated by the constitution.

ON EXCEPTIONS.

To a seizure process against the defendant, and from whom intoxicating liquors were taken previously without a warrant, he filed a demurrer alleging:

(1.) The said process is a seizure process and not a search and seizure process as required by law.

(2.) Said process of complaint was made on oath before the clerk of the Lewiston Municipal Court and the warrant thereon issued and signed by said clerk, and said complaint not being heard on oath by the judge of said court and the warrant thereon signed by said judge as required by law, the said process of complaint and warrant is illegal and void. Wherefore, the said defendant prays judgment and that by the court he may be dismissed and discharged from the said premises in the said complaint and warrant specified.

After joinder, the demurrer was overruled, and the defendant took exceptions.

*Frank L. Noble*, for defendant.

The only warrant known to the prohibitory law in either search and seizure, or seizure cases, is the one set forth in R. S., c. 27, § 40, as amended by the statutes of 1891, and must be a warrant upon which the officer might search for and seize the liquors in the place where he found them. *State* v. *Dunphy*, 78 Maine, 104.

By R. S., c. 27, § 439, it is provided that: "In all cases where an officer is authorized to seize intoxicating liquors by virtue of a warrant, he may seize the same without a warrant." Then the question arises, in what cases is the officer authorized to seize intoxicating liquors intended for sale within this State, in violation of law by virtue of a warrant duly issued? The answer to this question is found in § 40, of said chapter 27, as amended. *State* v. *Grames*, 68 Maine, 418.

The warrant in this case was not one upon which the officer could search the premises where the liquors were found, and was therefore illegal and void.

The power given to an officer by this statute to seize property at pleasure without a warrant is an extraordinary one and can only be justified on the ground that the public good and the prevention of crime require it. The statute should be construed strictly. *Weston* v. *Carr*, 71 Maine, 356.

Section 39 of chapter 27 of R. S., authorizes an officer to seize liquors without a warrant in all cases where he could seize them upon a warrant; and as this includes dwelling-houses and shops, as well as depots and ware-houses, it violates § 5 of Article 1, of the Constitution of Maine, and therefore is unconstitutional and void.

If this process is sanctioned by decision of this court, then the spectacle is presented of an officer being given greater power acting without a warrant than with one; and the dwelling-houses and shops of our citizens may hereafter be invaded at the pleasure of petty constables acting under no higher authority than the unbridled license of their discretion, sanctioned by the Supreme Court of Maine.

Constitutional question: The receiving of the complaint

involving the conduct of a citizen, the lawfulness of his acts, and an accusation of crime against him, and the issuance of a warrant thereon commanding a search of premises specially designated and described, and the arrest of the person accused, are essentially judicial acts. Cooley Cons. Lim. p. 109.

The judicial power of the State is vested in courts and not in the officers, and judicial duties cannot be assigned to persons who do not constitute a court. Const. of Maine, § 1, Article 6 ; *State* v. *Noble*, 118 Ind. 350, reported in the 10th Am. St. Rep. 143; *Kilbourn* v. *Thompson*, 103 U. S. 168; *People* v. *Keeler*, 99 N. Y. 463.

By the general statutes of the State, the judges of municipal and police courts are charged with the hearing of complaints involving the examination of the complainant and his witnesses, and the issuance of warrants in criminal cases. Warrant issued by a magistrate in criminal cases shall be under seal and be signed by him at the time when they are issued. R. S., c. 132, § 6.

By R. S., c. 133, § 2, "The Justices of the Supreme Judicial and Superior Courts, judges of municipal and police courts, and trial justices in their counties, in vacation or term time, may issue processes for the arrest of persons charged with offenses."

Under the search and seizure sections of chapter 27, as amended by statute of 1891, c. 132, "If any person competent to be a witness in civil suits makes sworn complaint before any judge of a municipal or police court or trial justice," etc., "such magistrate shall issue his warrant," etc. All penal statutes are to be construed strictly.

When the Lewiston Municipal Court was created, all judicial power necessary to enable it to discharge its functions was vested in it by the constitution. The legislature had no judicial power and could neither create nor confer any.

The legislature could not delegate any of the judicial powers vested in said court to the clerk of said court, because it had none to delegate, and any attempt to thus delegate the judicial powers of said court was an encroachment on the independence of the judiciary, and thus violative of the constitution. *Langen-*

*burg* v. *Decker*, 16th L. R. A. 114; *State* v. *Noble*, 10th Am. St. Rep. 143; *Wright* v. *Defrees*, 8 Ind. 298.

The Clerk of the Lewiston Municipal Court is a ministerial officer and forms no part of the court, and in the act creating the court he is given none of the power or authority vested in said court. He need not be learned in the law, nor a member of the bar. His only qualification is, "that he be a citizen of said Lewiston." By section 5, Private and Special Laws, 1874, "Said clerk shall have such powers and perform such duties as are possessed and performed by the clerks of the Supreme Judicial Court," and we submit that those powers and duties are essentially and entirely ministerial and not judicial.

Those who are appointed as judges must themselves discharge all the judicial duties of their offices. The trust is a personal one and it cannot be delegated by the judges themselves, nor by anyone else for them. A deputy judge is unknown to the law. *VanSlyke* v. *Trempeaulieu*, 39 Wis. 390; 2 Bacon's Abr. 619; Cooley's Cons. Lim. 116, 139; *State* v. *Noble*, 10 Am. St. Rep. 143; *People* v. *Bolton*, 55 N. Y. 50; *Warner* v. *People*, 2 Denio, 272; *State* v. *Brunt*, 26 Wis. 412.

Section 13 of the Private and Special Laws of 1874, which authorizes the clerk of the Lewiston Municipal Court to hear complaints in all criminal matters, accusations in bastardy, draw all complaints and sign all warrants, is for the above reasons, illegal, unconstitutional and void.

*Henry W. Oakes*, County Attorney, for State.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, JJ.

WHITEHOUSE, J. This is a process for the seizure of intoxicating liquors, and the case comes to this court on a special demurrer to the complaint and warrant, specifying two grounds of objection: First, that the complaint and warrant constituted a seizure process and not a search and seizure process. Second, that the clerk of the municipal court of Lewiston and not the judge received the complaint and issued the warrant.

I. With respect to the first objection, it appears that, by virtue of section thirty-nine of chapter twenty-seven of the Revised Statutes, the officer seized certain intoxicating liquors found in the defendant's shop and forthwith signed the complaint in question, representing that he believed the liquors so found were kept for unlawful sale and praying that a warrant might be issued authorizing a seizure of the same. The warrant in question was accordingly issued commanding the officer to seize the liquors named in the complaint and safely keep them until final decision of the court.

The defendant contends that the only warrant known to the prohibitory law is one which authorizes a search for, as well as a seizure of, intoxicating liquors. But the propriety of requiring an officer to insert in his complaint a false recital that the liquors which he has found and removed, "are still kept and deposited," by the defendant, or the necessity of a command in the warrant to search premises for what the officer has already taken and knows cannot be found there, is certainly not apparent. The forms set forth in § 63, c. 27, R. S., are declared to be sufficient in law for all cases, "to which they purport to be adapted." The form there provided for a, "complaint in case of seizure," was prepared before the passage of the Act of 1870, c. 125, § 2 (R. S., c. 27, § 39), and does not, "purport to be adapted," to the seizure without a warrant there authorized. This change in the statute obviously requires such change in the form of the process as will bring it into conformity with the facts.

In this case the complaint and warrant were properly made in accordance with the facts, and are unobjectionable in form. *State* v. *McCann*, 59 Maine, 383.

By the amendment of 1870, above referred to, "no new or additional authority is given to search. It is only to seize. It is to seize what the officer may be enabled to seize without the unreasonable searches prohibited by the constitution. The act to this extent is constitutional." *State* v. *McCann*, *supra*; *Jones* v. *Root*, 6 Gray, 435 ; *Mason* v. *Lothrop*, 7 Gray, 355.

II. The complaint in this case is addressed, "To the Clerk of our Municipal Court for the City of Lewiston," and is sworn to

before the clerk. The warrant issued on this complaint is signed by the clerk, but bears *teste* of the judge of the court.

As originally constituted, the municipal court for the city of Lewiston was declared to be a court of record consisting of one judge, who was authorized to ·appoint a recorder to act in his stead in certain contingencies named in the act. See chap. 636, Private Laws of 1871. But this act was amended by chap. 626 of the Private Laws of 1874. Section 12 of this Act provides that, "The Governor by and with the advice of the council shall appoint a clerk of said court . . . who shall hold his office for the term of four years, who shall be sworn and who shall give bond," &c. ; and section 13 provides that, "said clerk shall hear complaints in all criminal matters, . . . draw all complaints and sign all warrants and make and sign all processes of commitment, but the same shall be heard and determined as now provided by law, but such complaints, . . . warrants or processes of commitment drawn and signed by the judge of said court shall be equally valid."

In view of these enactments, it cannot reasonably be questioned that the clerk who heard the complaint and issued the warrant in this case was clearly and explicitly authorized so to do by the legislature ; but it is contended that, while the clerk is only a ministerial officer, the act of examining a complainant and issuing a warrant involves a judicial duty which can only be performed by the judge, and that the statute purporting to authorize the clerk to exercise this function is unconstitutional and void.

An act is deemed ministerial when it is performed, " by an officer in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority without the exercise of and without regard to his own judgment upon the propriety of the act being done." *Flournoy* v. *Jeffersonville*, 17 Ind. 169 (79 Am. Dec. 468) ; *Pennington* v. *Streight*, 54 Ind. 376. See also *Longfellow* v. *Quimby*, 29 Maine, 196. And the act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists, under which it is his right and duty to perform the act. *Betts* v. *Devine*, 3 Conn. 107 ; *State* v. *Knowles*, 8 Maine, 71. See also *Yates* v. *Lansing*, 5 Johns. 282.

With reference to this question the court says in *Com.* v. *Roark*, 8 Cush. 215 : "The mere power to receive complaints and issue warrants, without any right or authority to hear or try the parties cannot be considered an exercise of jurisdiction on the part of a magistrate. It partakes more of a ministerial than a judicial character. It is laid down in 2 Hawk. c. 13, § 20, that when a warrant is issued for the arrest of one guilty of an offense not cognizable by the justice who issues it, the justice may be considered as acting ministerially." And if our attention were specially directed and confined to the language of section 40, c. 27, R. S., authorizing the search and seizure process, it might well be claimed that the act of the clerk in issuing the warrant in question was purely ministerial. That section declares that, "if any person, competent to be a witness in civil suits, makes sworn complaint before any judge of a municipal, or police court, or trial justice, .... such magistrate shall issue his warrant." This was undoubtedly intended to be a mandatory provision requiring the magistrate to issue a warrant whenever a sworn complaint should be made reciting the prescribed state of facts, without any judicial inquiry or the exercise of any discretion on his part. He is only to satisfy himself that the complainant is, "competent to be a witness in a civil suit."

But the general statute respecting the criminal jurisdiction of magistrates (R. S., c. 132, § 6), provides that they, "shall carefully examine on oath, the complainant, the witnesses by him produced, and the circumstances, and when satisfied that the accused committed the offense, shall issue a warrant for his arrest." Again, section 43, of c. 27, R. S., provides that, "no warrant shall be issued to search a dwelling-house, . . . unless the magistrate before whom the complaint is made is satisfied by evidence presented to him, that intoxicating liquor is there kept for sale in violation of law." And as the decision of other cases involving the action of this clerk under these statutes, as well as under section 40, is awaiting the result of this one, it seems proper and necessary to examine the question in the broader aspect thus presented.

Assuming, then, that in hearing complaints and issuing warrants under the statutes last cited, the clerk necessarily makes an examination involving the exercise of discretion and judgment on his part, and performs an act possessing a certain judicial quality, the question is whether it is competent for the legislature to say that this preliminary work may be performed by a clerk of the court to be appointed by the Governor and Council? We think it is. Such legislation is not in conflict with any provision of the organic law. "The judicial power of this State shall be vested in a Supreme Judicial Court, and such other courts as the legislature shall from time to time establish." Constitution of Maine, article VI, section 1. And, "no person or persons belonging to one of the departments," into which "the powers of this government shall be divided shall exercise any of the powers properly belonging to either of the others." *Id.* Article III.

In enacting the statute investing the clerk of the Lewiston court with the authority in question, the legislature did not encroach upon the, "judicial power." In *State* v. *Noble*, 118 Ind. 350 (10 Am. St. 143), cited by the defendant, the legislature undertook to create the office of commissioners of the Supreme Court and to provide for the election of these officers by the same General Assembly; and this was deemed unconstitutional. But here the legislature did not assume to elect or "appoint" a clerk for the Lewiston Court, but provided for his appointment by the Governor and Council in the same manner and with the same tenure of office as the judge.

Furthermore, this amendment of 1874, imposing the duties in question upon the clerk, must be viewed in connection with the prior statute of 1871, and all the acts constituting the court as it now exists, construed as a whole. The court is still to consist of one judge, and the additional duties imposed upon the clerk requiring the exercise to some extent of attributes of a judicial character, do not necessarily make him a judicial officer within the meaning of the constitution. In *Morison* v. *McDonald*, 21 Maine, 550, the recorder of the Municipal Court at Bangor, appears to have been in like manner appointed by the

Governor for four years, and authorized by the charter to act in the place of the judge in his absence in all criminal matters. In the opinion, WHITMAN, C. J., says : "But we cannot bring our minds to the conclusion that a recorder is in the sense contemplated by the constitution, a judicial officer. It seems evident that the framers of that instrument had in view those, who to a general intent and purpose were such, and not those who were incidentally and casually entrusted with the exercise of some attributes of a judicial character. The instances are numerous in which individuals are expected, in connection with the chief business characterizing the duties of their appointment, which in the main is in no wise judicial, to exercise as incident thereto, casually, some judicial power." Illustrations are thereupon given by reference to auditors and masters in chancery, who in connection with their ministerial duties perform sundry acts of a judicial nature ; and to assessors of taxes, commissioners of insolvent estates, and commissioners to assess the damage in flowage cases. In addition to the instances there named, mention may also be made of our statutes authorizing the appointment of disclosure commissioners, who are intrusted with the discharge of duties of great importance involving the exercise of judgment and discretion. They are not expressly required to be justices of the peace, but, "shall be sworn and hold office during the pleasure of the court." As commissioners they cannot be deemed, "judicial officers," within the meaning of the constitution.

No specific or precise definition of, "judicial power," is found in the constitution or laws of the State ; but the phrase is commonly employed to designate that department of government which it was intented should, "interpret and administer the laws and decide private disputes between or concerning persons." Cooley's Const. Lim. 109 ; *Merritt* v. *Sherburne*, 1 N. H. 199. By the, "judicial power," of courts is generally understood, "the power to hear and determine controversies between adverse parties and questions in litigation." *Daniels* v. *The People*, 6 Mich. 381. It is the, "inherent authority, not only to decide but to make binding orders or judgments, which

constitutes judicial power; and the instrumentalities used to inform the tribunal, whether left to its own choice or fixed by law, are merely auxiliary to that power and operate on the persons or things only through its action and by virtue of it." *Underwood* v. *McDuffee*, 15 Mich. 361 (93 Am. Dec. 194); *People* v. *Hayne*, 83 Cal. 111 (17 Am. St. Rep. 211). So in *Allor* v. *Wayne Co. Auditors*, 43 Mich. 76, it is held that the power to examine and commit persons charged with crimes beyond the cognizance of the justice to try is not in the proper sense of the term, judicial power. The court says: "It may be vested in other persons than courts as well as in courts. It belongs to the duties of. conservators of the peace." The terms, "discretionary power," and, "judicial power," are often used interchangeably; but there are many acts requiring the exercise of judgment which may fairly be considered of a judicial nature, and yet do not in any proper sense come within the, "judicial power," as applicable to courts. *Cox* v. *Coleridge*, 1 B. H. 37; *Ex parte Gist*, 26 Ala. 156; *Kingsbury* v. *Dickinson*, 1 Day, 1; *Tillotson* v. *Cheetham*, 2 Johns. 63; *Ex parte Farnham*, 8 Mich. 89.

This conclusion, that the legislature did not exceed its powers in authorizing a clerk, appointed by the Governor and Council, to perform the duties in question, derives strong support from the practical construction which has been placed upon the constitutional limitations of the legislative and judicial departments of the government from the time of the adoption of our State constitution. In nearly all of the acts, establishing municipal and police courts in this State from its early history to the present time, will be found provisions authorizing the recording officer of such court, whether appointed by the Governor or by the judge of the court, either uniformly to perform certain duties involving the exercise of judicial attributes, or occasionally to act in the place of the judge in hearing and determining criminal cases in certain contingencies specified in the different acts. While, therefore, we now decide only the question before us, and while acquiescence for no length of time can legalize a clear usurpation of authority, it must be conceded

that a practical interpretation of the organic law, which has been accepted as correct for three fourths of a century, is entitled to respectful consideration, if not great weight, in the decision of such a question.　Cooley's Const. Lim. 81-86.

It is also worthy of remark that, in *Guptill* v. *Richardson*, 62 Maine, 257, a warrant signed by the clerk of the Lewiston court under the Act of 1872, was brought in question, and the court says : "It is true as suggested that the warrant was issued by the clerk, but it was returnable before the court where the libel was filed.　We therefore hold this a sufficient justification for the acts done under it."

　　　　　　　*Exceptions overruled.　Judgment for the State.*