## NEALON v. DAVIS.

(Court of Appeals of District of Columbia.
Submitted January 4, 1927. Decided
March 7, 1927.)

No. 4453.

1. Dismissal and nonsuit ⬤⇒81(3)—Court held without jurisdiction to vacate previous dismissal on application made after more than eight months.

Where clerk made entry dismissing action without prejudice for want of prosecution, pursuant to court rule which provided for revival of action on application of either party, and provided that term of court should be extended for such purpose until six months after dismissal, *held*, court eight months after dismissal was without jurisdiction to enter order vacating the previous dismissal.

2. Dismissal and nonsuit ⬤⇒79—Clerk's entry of dismissal pursuant to court rule held ministerial and not judicial act.

Duty performed by clerk in entering dismissal of action without prejudice for want of prosecution under court rule *held* ministerial only, and not judicial.

3. Clerks of courts ⬤⇒66—"Ministerial act" is one performed in obedience to legal authority, without regard to actor's own judgment as to propriety of act.

A "ministerial act" is one which a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or exercise of his own judgment on the propriety of the act being done.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ministerial Act.]

4. Courts ⬤⇒85(3)—Court rule held to have the effect of law as affecting question whether clerk's act in entering dismissal of action was judicial or ministerial.

Rule of court providing for clerk's entry of dismissal without prejudice for want of prosecution has the force and effect of law, as affects question whether clerk's act is judicial or ministerial.

5. Dismissal and nonsuit ⬤⇒79—Clerk's entry of dismissal pursuant to court rule held entitled to force and effect of judgment entered by court itself.

Clerk's entry of dismissal of action without prejudice for want of prosecution pursuant to court rule *held* entitled to force and effect of a judgment of dismissal entered for similar reasons by the court itself.

Appeal from the Supreme Court of the District of Columbia.

Action by Mary A. Nealon against H. Porter Davis. From an order setting aside a former order, which vacated a previous dismissal of the case and restored it to the trial docket, plaintiff appeals. Affirmed.

R. F. Downing and M. A. Easby-Smith, both of Washington, D. C., for appellant.

T. L. Jeffords and E. C. Dutton, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the lower court, setting aside a former order which vacated a previous dismissal of the case and restored it to the trial docket.

On February 20, 1917, the appellant as plaintiff filed a declaration in the lower court, claiming damages from the appellee as defendant because of alleged personal injuries. On March 16, 1917, within rule, the defendant pleaded the general issue. No further action was taken in the case until June 28, 1919, when it was entered as dismissed without prejudice by the clerk under a rule of court adopted June 16, 1919, reading as follows;

"It is ordered, this 16th day of June, 1919, that when any party to a cause other than criminal or bankruptcy is in default for failure to join issue, or plead or to notice for trial a cause in which an issue of law or of fact has been raised and such default has continued for one year, that the clerk of this court enter in the docket the words 'Dismissed W. P.,' together with the date of such entry, meaning dismissed without prejudice and without costs to either party, provided however that on application of either party and for cause shown such cause so dismissed may be revived and its prosecution resumed, and for the purpose of such revival the term of court at which such entry is made is extended for a period of six months thereafter."

On February 25, 1920, after the adjournment of the term of court at which the case was dismissed, and about eight months after the entry of dismissal, the plaintiff filed a motion praying the court to set aside and vacate the dismissal and to allow plaintiff to join issue. On March 12, 1920, the court granted plaintiff's motion, set aside and vacated the dismissal of the cause, and restored it to the trial calendar.

Various interlocutory proceedings followed, until on November 11, 1925, the court reconsidered the order vacating the dismissal, and held that it was void, for the reason that at the time when the motion for revival was filed the court had lost jurisdiction of the case because of the expiration of the six months extension following the entry of dis-

missal. The order of March 12, 1920, was therefore vacated, and the case stood dismissed as theretofore. The plaintiff then appealed from that ruling.

[1] In our opinion the decision appealed from was right. The rule of court under which the cause was first dismissed was not unreasonable, for it permitted the interested parties at any time within six months after a dismissal to apply for a revival of the case, and it extended the term of court for six months for that purpose. It is true that the rule as then in force did not require that notice of the dismissal should be given to the parties, but it was not unreasonable for the court to require a party litigant to keep himself informed of the status of his case without special notice, at least once in every six months. Rules of this character are necessary to prevent unreasonable and prejudicial delay in the disposition of pending cases.

[2, 3] We think, furthermore, that the duty performed by the clerk when entering a dismissal under the rule was not judicial, but ministerial. "A ministerial act is one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done." Flournoy v. Jeffersonville, 17 Ind. 169, 79 Am. Dec. 468; Pennington v. Streight, 54 Ind. 376. Under a California statute authorizing the clerk of courts to enter default judgments, Field, C. J., said: "The clerk, in entering judgments upon default, acts in a mere ministerial capacity; he exercises no judicial functions. The statute authorizes the judgment, and the clerk is only an agent by whom it is written out and placed among the records of the court."

In the instant case the dismissal was without prejudice and without judgment for costs. It made no adjudication of any right or issue involved in the case. If any judicial authority was involved in the proceeding, it was exercised by the court when by its rule it authorized the clerk's action. "In entering judgments the clerk acts in a purely ministerial capacity, and exercises no judicial functions; he acts merely as an agent to write out and place upon the record judgments which he is authorized and directed by law to enter. Provided the cause is ripe for entry of judgment, and there is no stay or order to the contrary, the clerk is authorized and it is his ministerial duty to enter upon the record all judgments rendered by the court and certain judgments authorized by statute in specified cases where judicial action is not necessary, such as judgments by confession, default, consent, offer or admission, such authority extends only to the entering of the judgment exactly as it was rendered by the court, without addition, diminution or change of any kind; and a judgment entered by a clerk who had no authority to enter it at all, or to enter it in the form in which it was entered, is void." 34 C. J. p. 59.

[4] The rule of court in question had the force and effect of law in the case within the sense of the foregoing authority, and it has been said in respect to such rules that "there is no dispensing power in the court, simply to meet what is supposed to be the pressing exigency of a particular case." District of Columbia v. Humphries, 11 App. D. C. 68; District of Columbia v. Roth, 18 App. D. C. 547; Talty v. D. C., 20 App. D. C. 489; Murphy v. Gould, 39 App. D. C. 363.

[5] We think that the dismissal of the case, entered by the clerk under authority of the rule of court aforesaid, was entitled to equal force and effect, within the purpose and intent of the rule, as a judgment of dismissal entered for similar reasons by the court itself. It has been held by this court that, "after the expiration of the term of the court at which a judgment dismissing an action for failure of the plaintiff to file a replication within the time prescribed by the rules of court, the court has no power to vacate the judgment of dismissal and reinstate the cause." Polk & Co. v. Smolik, 44 App. D. C. 55; Karrick v. Wetmore, 210 Mass. 578, 97 N. E. 92.

We are accordingly of the opinion that the order entered on March 12, 1920, setting aside and vacating the dismissal of the cause, was void for want of jurisdiction of the court over the case at that time, and that the order now upon appeal was correct. It is therefore affirmed, with costs.