## CAGE v. CAGE et al.
### No. 7376.

Circuit Court of Appeals, Fifth Circuit.

Dec. 6, 1934.

Helen W. Cage, of Houston, Tex., in pro. per.

J. C. Hutcheson, III, J. E. Winfree, and James F. Lawler, all of Houston, Tex., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order dismissing a bill in equity for want of prosecution. In February, 1931, appellant brought her original bill against Duncan S. Cage to recover an interest in his deceased wife's estate, of which he had theretofore been appointed administrator. An answer denying any liability was filed in March, 1931, but nothing more was done with the case until March, 1933, when appellant, by an amendment which was allowed, named as parties defendant the sureties on the administrator's bond, purchasers of stock which had be-

longed to the estate, and two corporations, some of the stock of which it was alleged belonged to the decedent. In May, 1933, all the defendants, appellees here, filed motions to dismiss the amended bill. No further action was taken by either side before the regular term of court convened at Houston on the fourth Monday in September. 28 USCA § 189. On that day, which fell on the 25th, the court set the case for hearing on January 22, 1934, during that term, and, when it was reached and called on the day last named, entered an order of dismissal for want of prosecution. In March, 1934, during the February term of court for that year (28 USCA § 189), appellant filed and submitted a verified motion to vacate that order and reinstate the case on the equity docket, on the ground that she had not been served with notice and had no knowledge of the setting of the case until after the expiration of the September term at which the order of dismissal was entered; but that motion the District Judge denied.

■ Appellant takes the position here also that the District Court's order of dismissal for want of prosecution was erroneous, because of her lack of notice or knowledge that the case had been set down for hearing on a day certain during a regular term of court. She contends that under Equity Rules 1, 4, and 29 (28 USCA § 723) she was entitled to notice of the order entered on the first day of the term setting the case for a subsequent day of the same term. But those rules relate to orders entered in chambers for the purpose of getting a case at issue. They have no reference to orders entered in term time for the disposition of cases, whether at issue or not, which have been abandoned or have become inactive by reason of the failure to prosecute them with reasonable diligence. Every litigant is under the duty without notice to take cognizance of a regular term of court and to be present in person or through counsel to protect his interests. Every court has the inherent power in term time, without notice, to set cases appearing on its docket for hearing and to dismiss cases for want of, or unreasonable delay in, prosecution. Colorado Eastern Ry. Co. v. Union Pac. Ry. Co. (C. C. A.) 94 F. 312; Nealon v. Davis, 57 App. D. C. 133, 18 F.(2d) 175; Dillon v. United States (C. C. A.) 29 F.(2d) 246. No real progress had been made with the original bill in this case against the administrator after the filing of his answer in March, 1931. The administrator's liability was the decisive question at issue, for upon it depended the liability of the parties defendant brought in by the amendment. The case was not dismissed for want of prosecution until almost three years had elapsed after the filing of the original bill and some eight months after the filing of the amended bill. Under these circumstances the trial court did not abuse the sound discretion with which it is vested by entering an order dismissing the case for want of prosecution.

■ In our opinion that order as it stands does not bar a new suit, Fayerweather v. Ritch (C. C. A.) 91 F. 721; but, as it is the general practice, when a bill is dismissed without consideration of the merits, to state in the decree that the dismissal is without prejudice, Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 612, 13 S. Ct. 691, 37 L. Ed. 577, the order of the District Court is so modified as to state that the dismissal of appellant's suit is without prejudice. As thus modified, the order appealed from is affirmed.