## KRAUSE v. MISSISSIPPI COAL CORPORATION et al. and eight other cases.
### Nos. 6314–6322.
Circuit Court of Appeals, Seventh Circuit.
Dec. 16, 1937.

J. Fred Gilster, of Chester, Ill., for appellant.

William P. McCool, of New York City, and Gunn, Penwell & Lindley, of Danville, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

This is an appeal from a decree of the District Court dismissing, for want of prosecution, a bill for specific performance. There were eight similar suits which were dismissed at the same time, and for the same reason. For the purpose of the proceedings in this court, all cases have been consolidated. The cases thus consolidated with this case are Nos. 6315 to 6322, both inclusive. The conclusions reached in this opinion will apply equally to each of the consolidated cases.

On February 18, 1929, appellant filed, in the circuit court of Perry county, Ill., a bill for specific performance. It is alleged in the bill, among other things, that on May 19, 1927, one A. E. Montroy (hereinafter referred to as the landowner) entered into a contract, in which his wife joined, with appellant whereby, in consideration of $1, they gave to him an option to purchase their farm consisting of 80 acres, lying in Perry county, Ill. The optional contract, as shown by the copy attached to the bill of complaint as an exhibit, purported to grant to appellant the right to purchase such real estate at any time within a period of twelve

months, upon payment to the landowner, by appellant or his assigns, the sum of $8,000. Provision was made therein for notice to be given by appellant to the landowner of his intention to exercise such option. It is further provided that the landowner will, within a reasonable time, and not to exceed thirty days after receipt of such notice of election, make, execute, and deliver to appellant or his assigns, a warranty deed for such real estate, together with an abstract of title therefor, at which time appellant agreed to pay the purchase price in full in cash, provided the abstract showed good and sufficient title, etc. It is further alleged in the bill that, on May 17, 1928, appellant gave written notice to the landowner of his intention to exercise the option, and requested the execution of a deed, etc., as provided therein; that another notice was given on June 29, 1928; that on September 25, 1928, a deed of conveyance for all coal and other mineral in and underlying the land in question was executed and delivered by the landowner to appellee Mississippi Coal Corporation; that, notwithstanding this conveyance, another notice was given the landowner on October 6, 1928. The bill of complaint in each of the eight consolidated cases contains similar allegations with reference to the optional contract, notice, etc. The suits seek to compel specific performance of the contracts. All of the cases were removed to the District Court, the instant case being removed on June 6, 1929. On July 25, following, appellee Mississippi Coal Corporation filed its motion to dismiss the bill and answer.

In so far as the record discloses, no further steps were taken until March 5, 1934, at which time, by leave of court and upon motion of appellant, the Electric Shovel Coal Corporation and its receivers were made parties defendant. No summons was issued, however, for these defendants, and no service had upon either of them. Neither of them appeared to the action, and neither is party to this appeal. Upon application of appellant, the case was continued from term to term thereafter, and no further steps were taken until on March 3, 1937, at which time appellee Mississippi Coal Corporation filed, by leave of court, an amendment to its motion to dismiss which had been on file for almost eight years. The amendment contained two additional specifications, one of which charged laches on the part of appellant, and the other charged that some of the property had been transferred to persons who were not parties to the action.

On March 30, 1937, the District Court filed a written memorandum opinion which contained a complete statement of the facts, with reference to the record, upon which its conclusions were based. A final decree was entered upon the same day, dismissing the cause for want of prosecution at appellant's costs, from which decree this appeal is being prosecuted.

There are four assignments of errors relied upon by appellant, as follows: First, the court erred in abuse of its discretion by dismissing this suit under rule VIII (5), rules of the District Court, after a hearing on the merits of defendant's motion to dismiss plaintiff's original bill; second, the court erred in granting the motion of the defendants to dismiss this suit on the ground of laches; third, the court erred in failing to add to its decree of dismissal that same was done without prejudice to the parties; fourth, the court erred in denying plaintiff's motion to reinstate.

The first and second assignments present the vital question, and may be considered together. Summarized, they present the simple question of whether or not the District Court abused its discretion in dismissing the bill. In determining this question, it must be kept in mind that this is a suit in equity and its disposition is governed by equity principles and the rules of the District Court. There was in force, at the time of the dismissal of the bill, a rule of the District Court which provided, in substance, that every cause in equity in which no orders had been entered or proceedings taken within the preceding six months, indicating an intention of the party to prosecute the same further, might be dismissed for want of prosecution. This rule, as well as the general principles of equity, was invoked by the court in the instant case and the cause was dismissed.

The optional contract which appellant seeks to enforce by this action had been executed almost ten years prior to the decree of dismissal, and more than eight years had elapsed since the filing of the suit. Within a few weeks after the removal to the District Court, appellee filed a motion to dismiss, and answer, thus presenting an issue for determination. According to the record, appellant took no steps to have this issue determined. Furthermore, he permitted the case to lie dormant without an order of any kind being entered therein

from July 25, 1929, to March 5, 1934, at which time, upon his petition, Electric Shovel Coal Corporation and its receivers were made parties defendant. No further steps were taken by him, except that he did ask for a continuance upon several occasions. The orders of continuance entered at his request did not in any manner indicate an intention upon his part to prosecute the case, but rather the opposite may be inferred from such action. No hearing was ever had upon the merits.

The rule, which was finally invoked by the District Court, was promulgated for the purpose of making effective the equitable principle that "equity aids the vigilant and not those who slumber on their rights." 10 R.C.L., Equity, § 138, p. 388; Deadman v. Yantis, 230 Ill. 243, 82 N.E. 592, 120 Am. St.Rep. 291. In the instant case, appellant had done nothing to enforce any right which he may have had under the optional contract, except to file a suit in equity more than eight years before the entry of the final decree and permit that suit to rest during all that time. Although Equity Rule 29, 28 U.S.C.A. following section 723 gave him the privilege of having the motion to dismiss, which was filed on July 25, 1929, set down for hearing upon five days' notice, he made no effort, so far as the record discloses, to have the motion assigned or determined by the court.

The power of the District Court to dismiss a cause in equity for want of prosecution, either upon its own motion, or upon motion of the defendant, has been before the courts many times, and it has been universally held that it has such power. The only question is that of an abuse of discretion. We have commented rather extensively upon the state of the record to determine whether or not there was such an abuse of discretion upon the part of the court in dismissing the bill as to require reversal of the case. We find no such abuse. The following language of the court, in the case of Facer Forged Steel Car Wheel & Locomotive Wheel Co. v. Carnegie Steel Co., 3 Cir., 295 F. 134, 135, is appropriate; "This recital of the pleadings is given not for the purpose of assessing the fault of the respective parties but for the purpose of disclosing that from a legal standpoint the plaintiff was at all times (during at least nine years) in position to bring the case to issue on five days' notice and have it set

down for hearing. As the defendant did nothing to interfere with this right, it became the duty of the plaintiff to exercise it if it desired the redress it was seeking. In contemplation of law, it never ceased to be the actor. As it ceased to act it ceased to prosecute its suit. The decision of the question whether thereby the plaintiff had forfeited its right to proceed further was wholly within the discretion of the judge." See, also, Cage v. Cage et al., 5 Cir., 74 F.2d 377; Dillon v. United States, 9 Cir., 29 F.2d 246; Nealon v. Davis, 57 App.D.C. 133, 18 F.2d 175; Carnegie Steel Co. v. Colorado Fuel & Iron Co., 8 Cir., 14 F.2d 1.

The third assignment of error challenges the form of the decree in that appellant contends the dismissal should have been "without prejudice to the parties." It has been often held that the dismissal of an action for want of prosecution, and not upon its merits, is no bar to a subsequent action. See Gilbert, Sheriff v. American Surety Co., 7 Cir., 121 F. 499, 61 L.R.A. 253; Manhattan Life Insurance Co. v. Broughton, Trustee, 109 U.S. 121, 3 S.Ct. 99, 27 L.Ed. 878; Hughes v. United States, 4 Wall., 71 U.S., 232, 18 L.Ed. 303; Walden v. Bodley, 14 Pet. 156, 10 L.Ed. 398. The decree shows upon its face that the bill was dismissed "for want of prosecution" and, therefore, we see no error in its form.

The fourth assignment of error is the denying of appellant's motion to reinstate. The motion to reinstate was filed on May 8, 1937, and attached thereto is the affidavit of the attorney for appellant which attempts to explain the cause of the delay, etc. There was also filed, at the same time, an affidavit of the attorney of record at that time for appellee, to which is attached correspondence between appellant's attorney and appellee's attorney, extending over the period of this litigation. This correspondence related to conferences, requests for delay on the part of appellant, etc. This appeal is from the decree of March 30, 1937, dismissing the cause for want of prosecution and the correctness of the order denying the motion to reinstate is not presented for review. We have, however, examined the affidavits and correspondence, and find no error in denying such motion.

The decree of the District Court is affirmed.