**MAINE MILK COMMISSION**

v.

**Bruce CHANDLER and Elizabeth Chandler d/b/a Gouldsboro Grocery.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1982.

Decided Jan. 6, 1982.

Jeffrey Frankel (orally) and Cabanne Howard, Asst. Attys. Gen., Augusta, for plaintiff.

Anthony Giunta (orally), Ellsworth, for defendant.

Before GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DU-FRESNE, A.R.J.

CARTER, Justice.

Title 7 M.R.S.A. § 2954 established the method which the Maine Milk Commission (Commission) must follow in fixing minimum retail prices for the sale of fluid milk. In *Cumberland Farms Northern, Inc. v. Maine Milk Commission*, Me., 428 A.2d 869 (1981) (*Cumberland Farms 1981*), decided on April 23, 1981, we found invalid that part of Commission Order 80–6, establishing such minimum retail milk prices, because the Commission failed to satisfy those statutory requirements. We held that "[m]inimum dealer and retail margins shall be governed by the last order of the Commission which is valid as to those margins," and we remanded the case to the Superior Court. 428 A.2d at 878. The parties to *Cumberland Farms 1981* have not initiated proceedings in the Superior Court pursuant to this mandate.

On April 30, 1981, the Commission promulgated Order 81–6 as an emergency rule pursuant to 5 M.R.S.A. § 8054. After the Commission initiated a new action against Cumberland Farms Northern, Inc. to enforce the terms of that order, the rule was found invalid by the Superior Court because it did not satisfy the standards set out in *Cumberland Farms 1981*. The Legislature then enacted, on June 19, 1981, emergency legislation establishing as minimum retail milk prices those fixed by Order 81–6. P.L. 1981, ch. 481, enacting 7 M.R.S.A. § 2961. By its own terms, section 2961 terminates no later than January 10, 1982, or, if sooner, upon the effective date of a Commission order issued in accordance with Title 7, chapter 603. §2961(5).

Pursuant to 7 M.R.S.A. § 2959, the Commission commenced the instant action on July 13, 1981, alleging that the Chandlers, doing business as Gouldsboro Grocery, sold milk retail for $2.00 per gallon, eight cents below the minimum set by Order 81–6 which the Legislature adopted in section 2961 as the *statutory* minimum. The Commission obtained a permanent injunction prohibiting the Chandlers from selling the milk on a retail basis at a price below the statutory minimum fixed in section 2961. This injunction operates through January 10, 1982, or until the effective date of a new Commission order issued pursuant to Title 7, chapter 603.

■ The defendants argue here that section 2961, enforced as against them by the injunction, constitutes a violation of the separation of powers clause of the Maine Constitution.[1] Because the parties to *Cumberland Farms 1981* have not complied with that case's mandate to determine in Superior Court the last order of the Commission valid as to retail milk margins which would then govern minimum retail milk prices, defendants contend that the enactment of section 2961 constitutes an unconstitutional interference with the powers of the judicial department. The defendants' counsel conceded at oral argument, the defendants do *not* challenge on constitutional grounds or otherwise the Legislature's power to withdraw the Commission's authority to set minimum retail milk prices and thus to set those prices directly or the constitutionality of the enactment of such a statute as emergency legislation. We conclude that section 2961, as applied to these defendants, is not repugnant to Me.Const. art. III, § 2.

■ Maine courts are vested with "the power to hear and determine controversies between adverse parties and questions in litigation." *State v. LeClair*, 86 Me. 522, 531, 30 A. 7, 9 (1894), *quoted in In re Richards*, Me., 223 A.2d 827, 829 (1966). The Legislature, by enacting section 2961, has not deprived these defendants of a judgment, nor has it affected claimed rights that have been adjudicated by the courts. *Cf. State ex rel. Mass Transportation Authority v. Indiana Revenue Board*, 144 Ind. App. 63, 253 N.E.2d 725 (1969). Because

---

1. Me:Const. art. III, § 2 provides in full: "No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted."

section 2961 does not affect any adjudicated rights vested in these defendants, the application of section 2961 to them is constitutionally sound.

██ Further, the statute does not interfere with our mandate in *Cumberland Farms 1981.* In that case, we held Order 80–6 to be invalid because the Commission had not complied with the legislatively established criteria set out in section 2954. By itself establishing minimum prices in section 2961, the Legislature has obviated the need to follow those criteria because they expressly applied only to the Commission. By means of the statute, the Legislature in fact altered prospectively the statutory scheme underlying the establishment of minimum retail milk prices. The result in *Cumberland Farms 1981,* that Order 80–6 is invalid because the Commission's procedures did not satisfy the requirements of section 2954, is not implicated. *See Banco Nacional de Cuba v. Farr,* 383 F.2d 166 (2nd Cir. 1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1038, 20 L.Ed.2d 1151 (1968).

██ The defendants also assert that, even if section 2961 is constitutional, it is inapplicable to them by virtue of 1 M.R.S.A. § 302 which reads in pertinent part, "Actions and proceedings pending at the time of the passage ... of an Act ... are not affected thereby." The complaint giving rise to this action, however, was filed on July 13, 1981, well after section 2961 had become effective on June 19, 1981. *This* action was thus not pending at the time of the passage of the statute. The section 302 savings clause is consequently not available to foreclose the application of section 2961 to these defendants.

The entry is:

Judgment affirmed.

All concurring.